IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS D. WOODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-778-T |
| | ) |
| GARFIELD COUNTY SHERIFF, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, a state pre-trial detainee appearing *pro se* and *in forma paupers*, filed his "Civil Rights Complaint Pursuant to 42 U.S.C. §1983" on August 10, 2005.[1]  On August 11, 2005, Judge Purcell issued a Report and Recommendation in which he recommended Plaintiff's Complaint be dismissed without prejudice based on Plaintiff's failure to state a claim on which relief could be granted.  Alternatively, Judge Purcell recommended the Court determine that Plaintiff exhausted his administrative remedies on only one of his three claims.  Plaintiff timely filed an objection to the Report and Recommendation on August 19, 2005.  The matter is at issue.

  A.  **Standard of Review**:

The court of appeals' "firm waiver rule" holds "that a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("only an objection that is sufficiently specific to focus the district court's attention

---

[1] *Plaintiff's original complaint was filed on July 8, 2005.  (Doc. No. 1).  On July 14, 2005, Plaintiff was directed to file an amended complaint to correct certain deficiencies identified by United States Magistrate Judge Gary M. Purcell.  (Doc. No. 7.)*

on the factual and legal issues that are truly in dispute" will avoid application of the firm waiver rule); Nolan v. Martin, 188 F.3d 519, 1999 WL 565681 at *2 (10th Cir. 1999) (a general objection to Magistrate Judge's Report and Recommendation is insufficient to preserve an issue for further review) (unpublished opinion cited pursuant to Tenth Cir. Rule 36.3).

**B.     Analysis of Plaintiff's Objection**:

Plaintiff addressed, to a limited extent, each subpart of Judge Purcell's Report and Recommendation. First, Plaintiff claimed, in a conclusory manner, that he "did allege sufficient facts, and stated several claims upon which relief could be granted." (Objection at 2.) He also addressed the merits of his first claim and reiterated that an unidentified "official" "entered [his] cell in a purported cell search, and confiscated plaintiff's legal work and threw away the only law book that he had." (Id.) Plaintiff did not, however, identify any specific error in the Report and Recommendation and did not address the legal authority upon which Judge Purcell's recommendation was based. Therefore, the Court determines that Plaintiff's objection was not sufficiently specific so as to focus the Court's attention on the factual and legal issues that are truly in dispute. Accordingly, the Court determines Plaintiff has waived any claims of error with respect to the recommendation that his Amended Complaint be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff also addressed Judge Purcell's alternative recommendation. In that portion of his objection, Plaintiff stated that "the court did not request documentation to prove plaintiff's claims in grounds two and three were unexhausted." However, the burden is on Plaintiff to demonstrate total exhaustion of the administrative process, Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), and there is no requirement that the Court request documentation to sustain Plaintiff's burden.

CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Purcell's August 11, 2005, Report and Recommendation in its entirety; DISMISSES Plaintiff's Amended Complaint without prejudice; and OVERRULES Plaintiff's objection to the Report and Recommendation.

IT IS SO ORDERED this 23rd day of August, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE